IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON M. SUMRALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-07-809-C |
| ) | |
| TINKER AIR FORCE BASE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

The Plaintiff filed a complaint on July 23, 2007, seeking relief under both the Rehabilitation Act, 29 U.S.C. §§ 701 et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 2101 et seq. (Dkt. No. 1). The Court issued an order on January 17, 2008, requiring that the Plaintiff show cause why the suit should not be dismissed for failure to serve the Defendant. (Dkt. No. 9). The Plaintiff attempted service, then filed a motion for default judgment when the Defendant did not respond to the complaint. (Dkt. Nos. 14, 15). The Court found that the Plaintiff did not properly serve the Defendant, so the motion was denied. (Dkt. No. 16). Because the Plaintiff's allegations and requests for relief were unclear, the Court also requested that he file an amended complaint, which was done on June 6, 2008. Id. The Defendants[1] then filed a motion to dismiss under Fed. R. Civ. P. 12(b)(5), alleging that the Plaintiff failed to effect proper service under Fed. R. Civ. P. 4(c)(2) and

---

[1] In his amended complaint, the Plaintiff dismissed Tinker Air Force Base as the sole defendant and added the United States and the Department of the Air Force.

4(m). (Dkt. No. 21). The Defendants argued in the alternative that the Court should dismiss the present suit with prejudice under Fed. R. Civ. P. 41(b). Id. The Plaintiff responded, requesting one last chance to attempt proper service. (Dkt. No. 22).[2]

## STANDARD

Federal Rule of Civil Procedure 4 sets forth the manner in which service of process shall be made. Rule 4(c)(2) provides that service may be made by anyone 18 years or older who is not a party to the lawsuit. Because the Plaintiff is suing the Department of the Air Force, he must follow the requirements of Rule 4(i) to properly serve the Defendant. Therefore, he must either deliver or send by registered or certified mail a copy of both the summons and the complaint to the U.S. Attorney for the Western District of Oklahoma. Id. at (i)(1)(A). He must also send a copy of both the summons and the complaint by registered or certified mail to the U.S. Attorney General. Id. at (i)(1)(B). The Plaintiff must also serve the Department of the Air Force by serving the Secretary of the Air Force. 32 C.F.R. § 257.5. Because the Plaintiff is proceeding in forma pauperis, the U.S. Marshals Service is responsible for attempting service,[3] but this Court instructed the Plaintiff that he was required to provide it with the proper addresses and names for each person or entity to be served. (Dkt. No. 16).

---

[2] The same day that the Plaintiff responded, he provided a new address for the Secretary of the Air Force to the United States Marshals and a copy of the complaint and summons was then reissued for service.

[3] Fed. R. Civ. P. 4(c)(3) (the Court must order that service be made by a U.S. marshal or deputy marshal or other person specially appointed by the court if the Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915).

According to Rule 4(m), the Plaintiff must effect proper service within 120 days of filing the complaint. However, if the Plaintiff can demonstrate good cause for failing to do so, the Court must extend the time to serve "for an appropriate period." Id. While the fact that a plaintiff is pro se is generally not sufficient, on its own, to constitute good cause,[4] courts often find good cause to extend the time to serve when dealing with a pro se plaintiff. White v. Rivera, No. CIV902CV962FJSGLS, 2003 WL 21417507, at * 1 (N.D.N.Y. June 18, 2003); Chatman v. Condell Med. Ctr., No. 99 C 5603, 2001 WL 881305, at *2-3 (N.D. Ill. Aug. 6, 2001). If a court finds good cause for the delay, then an extension is mandatory. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." (emphasis added)). Absent good cause, it is generally recognized that courts have discretion to give the plaintiff more time to effect proper service.[5]

**DISCUSSION**

---

[4] Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Steele v. HCI Direct, . No. CIV.A. 02-4347, 2004 WL 1699611, at *2 (E.D. Pa. July 29, 2004).

[5] Fed. R. Civ. P. 4(m) seems to provide an alternative: "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." (emphasis added). This is emphasized in the Advisory Committee Notes ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."). Justice Ginsburg, in dicta, indicated in Henderson v. United States, 517 U.S. 654, 662 (1996), that Rule 4(m) should be interpreted to confer such discretion upon the courts, and many circuit courts, including the Tenth Circuit, have interpreted it similarly. See Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995).

While it is clear that the Plaintiff has not yet managed to properly serve the Defendants, the Court finds that the Plaintiff should be given one last chance to do so. Courts liberally construe the pleadings of pro se litigants in an effort to compensate for their lack of legal knowledge, experience, and assistance. Haines v. Kerner, 404 U.S. 519, 521 (1972); Duran v. Carris, 238 F.3d 1268, 1272 (10th Cir. 2001). However, this leniency is not unlimited, and pro se litigants are required to follow the same procedural rules as represented parties. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

The Plaintiff, therefore, is required to follow the requirements of Federal Rule of Civil Procedure 4, which provide for service within 120 days. The Plaintiff has clearly not done so. He filed his original complaint on July 23, 2007, which means he should have served the Defendants by November 20, 2007. When a plaintiff files a motion to proceed in forma pauperis under 28 U.S.C. § 1915, some courts toll the time limit for service of process until after the motion is granted. Matthews v. Marten Transp., Ltd., 354 F.Supp.2d 899, 901 (W.D. Wis. 2005). Even if this Court were to do so, the deadline for service would have been extended only until December 18, 2007. It is now September 17, 2008, and the Defendants have still not been properly served.[6] While the Court is not certain that the

---

[6] While the Plaintiff attempted to serve the U.S. Attorney for the Western District of Oklahoma, the return of service filed on June 12, 2008 (Dkt. No. 18), indicates that the Plaintiff personally sent the service. As instructed by this Court in its order of May 28, 2008 (Dkt. No. 16), the Plaintiff may not serve the Defendants himself since he is a party to the lawsuit. Therefore, this service was not proper. The Plaintiff also attempted to serve the Department of the Air Force. A return of service was filed on July 8, 2008, by the U.S. Marshals Service, but it appears that the Plaintiff provided an incorrect address for the Department. Thus, this was also improper service.

Plaintiff has demonstrated good cause for this delay,[7] it determines in its discretion that the Plaintiff should receive one last chance.

Accordingly, the Defendants' motion to dismiss (Dkt. No. 21) is DENIED. If the Defendants are not properly served by October 17, 2008, the Court will dismiss the Plaintiff's complaint without prejudice.

IT IS SO ORDERED this 17th day of September, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge

---

There is no indication in the court record that service was ever attempted on the U.S. Attorney General.

[7] In the Plaintiff's response to the Defendants' motion to dismiss, he apologizes for the delay, attributing it in part to advice he got from the court clerk's office. If true, this might constitute good cause for failing to properly serve the Defendants. See Patterson v. Brady, 131 F.R.D. 679, 684-85 (S.D. Ind. 1990).