IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON M. SUMRALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-07-809-C |
| | ) | |
| TINKER AIR FORCE BASE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed as a Machine Tool Operator at Tinker Air Force Base from November 1997 until May 2001.  On September 18, 1998, the Air Force issued a Notice of Proposed Removal to Plaintiff, informing him that the agency intended to terminate him for unauthorized absences and failure to properly request leave time.  Plaintiff then executed a Last Chance Agreement with the Air Force.  Under the terms of this agreement, the Air Force agreed to hold the removal in abeyance for twenty-four months and Plaintiff agreed to follow his supervisors' instructions and maintain proper attendance, conduct, and performance.

After again failing to abide by the agency's attendance and leave policy, the Air Force notified Plaintiff that it intended to reinstate his removal effective February 9, 1999.  Plaintiff appealed his removal with the Merit Systems Protection Board (MSPB) (case no. DA-0752-99-0240-B-1).  On June 16, 2000, the parties reached a settlement agreement whereby Plaintiff agreed to execute a second Last Chance Agreement and serve a two-week suspension without pay.  Plaintiff returned to work on July 5, 2000.  The first pay date after

his return was July 21, 2000, but Plaintiff's first paycheck was not issued until August 4, 2000.[1]  After again failing to follow the agency's attendance policy and properly request leave, Plaintiff was terminated effective May 18, 2001.   On May 19, 2003, Plaintiff challenged the settlement agreement executed on June 16, 2000, claiming that he was coerced to sign it.  On September 23, 2004, the MSPB issued a final order denying Plaintiff's petition.  Plaintiff then sought review in the Court of Appeals for the Federal Circuit.  The Court affirmed the decision of the MSPB on May 9, 2005.

On May 22, 2001, Plaintiff appealed his final termination to the MSPB (case no. DA-0752-01-0496-I-1).  Because both Last Chance Agreements contained waivers of Plaintiff's appeal rights, his appeal was dismissed on June 29, 2001.  Plaintiff then submitted a petition for review to the MSPB.  On August 29, 2001, the MSPB issued a final order dismissing his appeal for lack of jurisdiction due to Plaintiff's waiver of his appellate rights.  Although Plaintiff could appeal this decision within sixty days to the Court of Appeals for the Federal

---

[1]  Plaintiff contends that this delay caused him numerous problems.  He had entered into a mediation agreement regarding some dispute pending in Oklahoma County District Court, and pursuant to that mediation agreement, he was required to remit a certain portion of his first paycheck, to be received on July 21, 2000, to the other party.  Because of the delay in receiving his first paycheck, Plaintiff contends that he was forced to hire an attorney to handle the Oklahoma County matter, causing him six months of stress and tension that eventually led to two suicide attempts in 2001.  These suicide attempts, according to Plaintiff, rendered him unable to attend work or to request leave, thereby causing the Air Force to terminate him in May 2001.  One of the complaints raised by Plaintiff in many of his appeals, including the present complaint filed in this Court, is that the Air Force refused to send a letter to the Oklahoma County court explaining that his first paycheck was delayed and he was therefore unable to abide by the terms of his mediation agreement.

Circuit, he instead filed a request with the MSPB for a reconsideration of its final order.  This request was denied.[2]

On August 8, 2001, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) contending that the Air Force discriminated against him by not timely reinstating him on the payroll, thereby delaying his receipt of his first paycheck.  On November 25, 2002, the EEOC dismissed Plaintiff's complaint and remanded it to the agency because it raised a "mixed" case that was appealable solely to the MSPB. On August 19, 2003, the Air Force issued a final decision finding that Plaintiff was not discriminated against and notifying Plaintiff that he could appeal this decision either to the EEOC within thirty days or by filing a complaint in any federal district court within ninety days.  Plaintiff filed an appeal with the EEOC on October 14, 2004, well beyond the thirty-day deadline.  This appeal was dismissed as untimely on April 6, 2005.  Plaintiff then filed a request for reconsideration on November 2, 2006, which was dismissed as untimely on December 5, 2006.

Plaintiff then filed the present complaint on July 23, 2007, seeking relief under both the Rehabilitation Act, 29 U.S.C. §§ 701 et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 2101 et seq.  (Dkt. No. 1.)  Defendant contends that Plaintiff's complaint is untimely and should therefore be dismissed in its entirety.  In the alternative, Defendant

---

[2]  It is unclear precisely when this request was denied.  The letter sent by the MSPB to Plaintiff denying his request has two different dates stamped on it, but no date is included in the typed portion of the letter itself.  The fax line at the top of the document indicates that it was faxed to someone on December 14, 2004, indicating that Plaintiff received the letter at some point prior to that date.

argues that Plaintiff's claim that he was forced to sign the second Last Chance Agreement should be dismissed since it was not previously raised in Plaintiff's EEOC complaint. Plaintiff has not filed a response to Defendant's motion to dismiss, and the time for doing so has long since passed.

Federal employees are permitted to appeal employment actions to the MSPB. 5 U.S.C. § 7701(a). A decision rendered by the MSPB is considered final unless a party petitions for review within thirty days after receipt of the decision. Id. at (e)(1)(A). In non-discrimination cases, a federal employee may obtain judicial review of a final order by filing a petition for review in the Court of Appeals for the Federal Circuit within sixty days after receiving the notice of final decision. 5 U.S.C. § 7703(b)(1). In cases alleging discrimination, the MSPB decision becomes judicially reviewable on the date the decision is issued if the employee does not file an EEOC petition. 5 U.S.C. § 7702(3). An employee can then appeal the MSPB decision to any federal district court by filing the action within thirty days after receiving notice of the judicially enforceable action. 5 U.S.C. § 7703(b)(2). Federal employees are also permitted to file EEOC complaints when they believe their employer discriminated against them. 42 U.S.C. § 2000e-16. If employees are not satisfied with the EEOC's disposition of their complaints, they may file a civil action in the appropriate federal district court within ninety days after receiving notice of the final action taken by the EEOC. Id. at (c).

It is clear that Plaintiff's present complaint is untimely and must be dismissed. His first MSPB complaint was dismissed by the Court of Appeals for the Federal Circuit on May

9, 2005.  His second MSPB complaint was dismissed at some point before December 14, 2004.  The Air Force issued a final decision on his EEOC complaint on August 19, 2003, and his final request for reconsideration was denied as untimely on December 5, 2006.  Although Plaintiff has not responded to indicate precisely when he received notice of these decisions, it is clear that the present complaint is untimely.  Plaintiff had thirty days from his receipt of the final order in both of his MSPB complaints to file a complaint in this Court, assuming that both of those filings raised the issue of discrimination.  Those deadlines expired long before Plaintiff filed the present complaint.  With respect to Plaintiff's EEOC action, even assuming that the denial of his request for reconsideration constitutes the final EEOC action, Plaintiff had only ninety days within which to file a civil action.  Accordingly, Defendant's Motion to Dismiss (Dkt. No. 38) is GRANTED and Plaintiff's complaint is dismissed as untimely.  As no amendment can cure the defect, the dismissal constitutes an adjudication on the merits, and it is with prejudice.

IT IS SO ORDERED this 13th day of May, 2009.

ROBIN J. CAUTHRON
United States District Judge